Jesse P. GOODE, Appellant,

v.

ANTIOCH UNIVERSITY, et al., Appellees.

No. 87-673.

District of Columbia Court of Appeals.

Argued May 5, 1988.
Decided July 14, 1988.

Marya C. Young, Washington, D.C., for appellant.

J. Paul Mullen, Baltimore, Md., with whom William E. Nelson, Washington, D.C., was on the brief, for appellees.

Before BELSON, TERRY and ROGERS, Associate Judges.

ROGERS, Associate Judge:

Appellant Jesse P. Goode appeals the dismissal with prejudice of his complaint for breach of contract against appellees Antioch University, Alan E. Guskin, and Robert L. Aller.[1] Goode contends principally that the trial court abused its discretion in granting the motion to dismiss because Goode was not required to exhaust his administrative remedies and the doctrine of primary jurisdiction does not require that he first resort to the agency for a determination of his claims. We hold that the exhaustion and primary jurisdiction doctrines have no application; accordingly, we reverse.

I.

On May 4, 1987, Goode, a third year student at Antioch School of Law, filed a complaint in the Small Claims and Conciliation Branch of the Superior Court against Antioch seeking damages in the amount of $2,000 for breach of contract. The alleged breach of contract arises out of the planned closure of Antioch School of Law. Goode's complaint alleged that Antioch had breached its contract to provide him with a legal education by its failure to provide the programs and services listed in Antioch's catalogue and its student handbook.

Antioch filed a motion to dismiss the complaint with prejudice on the grounds that the District of Columbia Educational Institution Licensure Commission (EILC)

---

1. For convenience, we will refer to all appellees as "Antioch."

had primary jurisdiction and Goode had failed to exhaust his administrative remedies through the EILC. In support of its position, Antioch argued that all students had been sent a copy of Antioch's 1986 closure plan and informed of their right to file objections to the plan with the EILC and that the EILC had jurisdiction over the subject matter of Goode's complaint.

Goode filed an opposition to the motion to dismiss representing that the Acting Executive Director of the EILC had advised that the EILC had no authority to hear his complaint against Antioch. Attached to Goode's opposition was a letter, written by the executive director and authorized by the EILC, stating that "[t]he Commission has no authority to adjudicate disputes regarding money between educational institutions and individuals, or in any other circumstances," and that the EILC's authority was limited to granting and revoking licenses.

When the parties appeared in court for the hearing on Antioch's motion to dismiss,[2] Goode was informed that the trial court had already granted Antioch's motion and that no oral argument would be heard. Goode asked the Deputy Clerk to advise the judge that the Acting Executive Director of the EILC was present and prepared to testify that the EILC could not afford Goode an administrative remedy. The Deputy Clerk stated that she would so inform the judge, but the court nevertheless refused to hear argument on the motion and entered a written order of dismissal with prejudice.[3]

## II.

Antioch contends that Goode's complaint was barred by the doctrines of exhaustion of administrative remedies and primary jurisdiction because the District of Columbia has established a comprehensive system of regulation of private educational institutions and the EILC is the agency entrusted by the Council of the District of Columbia with the authority to license and regulate such institutions. According to Antioch, Goode is complaining of the same matters which were the subject of the closure plan filed by Antioch with the EILC. Thus, Antioch argues, before resort may be had to the court, Goode must exhaust his administrative remedies. Antioch also contends that the related doctrine of primary jurisdiction requires Goode initially to bring his claim before the EILC because his complaint encompasses matters within the special competence and expertise of the agency. Neither of these contentions has merit because they are based on the erroneous assumption that the EILC could have afforded Goode the remedy he sought.

■ The doctrines of exhaustion and primary jurisdiction are related but distinct. "Exhaustion" applies where a claim is cognizable in the first instance by an administrative agency alone; judicial interference is withheld until the administrative process has run its course. "Primary jurisdiction," on the other hand, applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views.

*Drayton v. Poretsky Management, Inc.*, 462 A.2d 1115, 1118 (D.C.1983) (quoting *United States v. Western Pac. R.R.*, 352 U.S. 59, 62–63, 77 S.Ct. 161, 164, 1 L.Ed.2d 126 (1956)). Thus, in order for exhaustion or primary jurisdiction to apply, the claim at issue must either be cognizable in the first instance by the agency alone (exhaustion) or placed within the agency's special competence by a regulatory scheme (primary jurisdiction). The applicability of these doctrines will therefore depend upon

---

**2.** *See* Super.Ct.Sm.Cl.R. 13(a).

**3.** The order stated in its entirety:

    The Court having considered the Defendants' Motion to Dismiss, the Reply thereto, and all matters in relation thereto, and finding it just and proper to do so, does hereby

    Order that the Plaintiff's Claim be and hereby is dismissed with prejudice.

the EILC's enabling statute. *See* R. PIERCE, S. SHAPIRO & P. VERKUIL, ADMINISTRATIVE LAW AND PROCESS § 5.8, at 207 (1985) (determination of scope of agency's statutory jurisdiction requires detailed analysis of statutory provisions) (hereinafter PIERCE, SHAPIRO & VERKUIL).

■ The EILC was established by the Council of the District of Columbia as the entity empowered to

> license private educational institutions, and their agents, ensure authenticity and legitimacy of private educational institutions, serve as the state approving agency for veterans benefits, for persons choosing private educational institutions and programs, and provide and promulgate standards, criteria, rules, and regulations therefor, including rules of procedure for the Commission which shall ensure adequate public notice of each meeting of the Commission.

D.C.Code § 31–1603 (1981). The functions assigned to the EILC by the Council are set forth in D.C.Code §§ 31–1605 and –1607 (1981). Neither of these provisions, however, permits the EILC to adjudicate contract disputes for money damages between a private individual and an educational institution licensed by the EILC. Nor can any such authority be gleaned from the enabling statute as a whole. *See generally* D.C.Code §§ 31–1601 *et seq.* (1981). We are likewise unable to find any support for such authority in the regulations issued by the EILC. *See* 5A DCMR §§ 100.1–108.4 (1984); 16 DCMR §§ 1200.1–1299.1 (1984).

In short, although the EILC is given the authority to grant and revoke the licenses of institutions such as Antioch, its enabling statute, on its face, does not grant the

EILC any authority to hear claims such as the one asserted by Goode. Nothing suggests that Goode, a student, would have standing as a party with the right to present evidence to the EILC.[4] Moreover, we are hesitant to read into this statute any additional powers that cannot fairly be implied from the statutory language. *Chesapeake & Potomac Tel. Co. v. Public Serv. Comm'n,* 378 A.2d 1085, 1089 (D.C. 1977). Lacking either an express or implied statutory grant of authority to afford Goode the relief he seeks, the EILC is without jurisdiction to provide the remedy at issue. If it were to attempt to do so, it would be acting beyond the scope of its statutory jurisdiction. *Cf. Kuflom v. District of Columbia Bureau of Motor Vehicle Serv.,* 543 A.2d 340, 346 (D.C.1988) (Terry, J., concurring) (if statute does not expressly grant agency power to hold hearings, holding such hearings is "unlawful").

Since the EILC has no statutory authority to afford Goode an administrative remedy, his claim is neither cognizable by the agency in the first instance nor placed within the special competence of the agency by the regulatory scheme. Therefore, since jurisdiction over Goode's claim is not within the scope of the agency's statutory jurisdiction, his complaint should not have been dismissed on exhaustion grounds. *Rohr Indus., Inc. v. Washington Metro. Area Transit Auth.,* 232 U.S.App.D.C. 92, 96, 720 F.2d 1319, 1323 (1983). Similarly, "'[w]here no administrative remedy exists, the doctrine of primary jurisdiction does not apply.'" *Id.* (quoting *United States v. Elrod,* 627 F.2d 813, 818 (7th Cir.1980)).[5]

---

4. 16 DCMR § 1203.3 (1984), which grants a right of action on a proprietary institution's financial responsibility bond to students aggrieved by violation of EILC regulations, is inapplicable to Antioch University. 16 DCMR § 1299.1 (1984) (defining "proprietary institution").

5. We are unpersuaded by Antioch's argument that Goode could receive substantially the same relief by filing a complaint with the EILC. As *we have* noted above, the most that Goode could hope to obtain is the revocation of Antioch's license by the EILC. This "relief" is a far cry

from the damages Goode claims for the breach of his contract with Antioch. Indeed, as Goode candidly admits, he did not pursue this avenue of redress because if Antioch's license is revoked, it will only exacerbate the problem of which Goode complains. Without its license, Antioch will no longer be able to confer upon Goode the degree which he seeks to earn.

Nor could the EILC afford Goode partial relief. *See Drayton, supra,* 462 A.2d at 1120. The issue posed by the complaint does not concern licensure standards and seeks adjudication on the basis of standards that are inapplicable to

Accordingly, because the EILC had neither authority to adjudicate the dispute between Goode and Antioch nor the power to award the money damages Goode seeks, we hold that neither the doctrine of exhaustion of administrative remedies nor primary jurisdiction operates to bar his complaint and the judgment must be reversed.[6] *See In re Antioch University,* 418 A.2d 105, 112–13 (D.C.1980) (student's remedy for breach of contractual right to attend an institution accredited by the ABA and which maintains a teaching program as described in the law school brochure is to seek damages) (dictum); *Basch v. George Washington University,* 370 A.2d 1364, 1366–67 (D.C.1977) (University's bulletin part of contract between university and its students).

The order appealed from is reversed and the case is remanded for further proceedings.

the Commission's function and with which it has no experience or expertise. *Compare* 5A DCMR §§ 103.1–103.13 (1984) (criteria for licensure) *with* RESTATEMENT (SECOND) OF CONTRACTS § 235 (1979) (any nonperformance of duty created under contract is breach) *and* 4 A. CORBIN, CORBIN ON CONTRACTS § 943 (1951) (breach of contract is a nonperformance of duty). *See also* PIERCE, SHAPIRO & VERKUIL, *supra,* § 5.8, at 217 (the Supreme Court does not require litigant "to suffer substantial delay that results from application of primary jurisdiction doctrine if it believes that the agency can provide only limited assistance to a court that otherwise has the power and the competence to resolve a dispute") (citations omitted). Goode seeks a remedy for Antioch's past conduct; the parties' only on-going relationship involves conference of a degree. He seeks neither a modification of the closure plan nor action affecting the law school's license to operate. The closure plan and the report of the American Bar Association Committee on Accreditation on the law school, moreover, are available to the parties in connection with the law suit.

We do not foreclose the possibility that the EILC may be able to afford partial, or even full, relief to a future litigant. *Cf. United States v.*

*Western Pac. R.R., supra,* 352 U.S. at 64, 77 S.Ct. at 164 (case by case application of the doctrine of primary jurisdiction). We conclude only that this is not such a case since resolution of the merits of Goode's complaint involves neither specialized expertise that makes the EILC a preferable forum nor judicial action that will adversely affect the Commission's performance of its responsibilities. *Cf. United States v. Elrod, supra,* 627 F.2d at 818 ("Resolution of the contractual issues in this case does not implicate difficult technical questions beyond the judiciary's traditional competence...."). *See also* PIERCE, SHAPIRO & VERKUIL, *supra,* § 5.8, at 217.

6. In view of our disposition, we do not reach Goode's procedural challenge to the trial court's order on the ground that the court's failure to hear oral testimony on the motion to dismiss violated Super.Ct.Sm.Cl.R. 13(a), which provides that "[w]hen any motion ... is dependent upon facts not apparent upon the record, said motion ... shall be accompanied by an affidavit or sworn testimony of the movant, his agent, or some other competent person setting out fully the facts upon which said motion is based." Antioch's motion was not accompanied by an affidavit.